UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PAULA SHEPARD, | NO. CIV. 2:10-1863 WBS JFM |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER RE: MOTION FOR ATTORNEY'S FEES AND COSTS |
| JANE MILER, an individual, CAREER PRESS, INC., NEW PAGE BOOKS, and DOES 1-100. | |
| Defendants. | |

----oo0oo----

Plaintiff Paula Shepard brought this action against defendants Jane Miller,[1] Career Press, Inc., and New Page Books, based on defendants' alleged use of plaintiff's protected work in a book about the use of dogs to treat psychiatric disabilities. In her Complaint, plaintiff alleged a federal copyright infringement claim and state law claims for fraud, common law misappropriation, and violation of California's Unfair

---

[1] Jane Miller is sued erroneously as "Jane Miler." (Ans. at 1:22 (Docket No. 6).)

1

1  Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210.
2       The court previously granted defendants' special motion
3  to strike plaintiff's state law claims pursuant to California's
4  anti-Strategic Lawsuits Against Public Participation ("anti-
5  SLAPP") statute, Cal. Civ. Proc. Code § 425.16.  See Shepard v.
6  Miler, Civ. No. 2:10-1863, 2010 WL 5205108 (E.D. Cal. Dec. 15,
7  2010).  In the same Order, the court denied defendants' motion
8  for judgment as a matter of law pursuant to Federal Rule of Civil
9  Procedure 12(c) on plaintiff's federal copyright claim.  Pursuant
10 to subsection 425.16(c)(1) of the anti-SLAPP statute, defendants
11 now seek the attorney's fees and costs incurred in litigating
12 their anti-SLAPP motion.

I.   Entitlement to Fees

14      Pursuant to California's anti-SLAPP statute, "a
15 prevailing defendant on a special motion to strike shall be
16 entitled to recover his or her attorney's fees and costs."  Cal.
17 Civ. Proc. Code § 425.16(c)(1).  It is well-settled that such an
18 award of fees and costs is mandatory under the statute, Ketchum
19 v. Moses, 24 Cal. 4th 1122, 1131 (2001), and applies to
20 successful anti-SLAPP motions brought in federal court.  Verizon
21 Del., Inc. v. Covad Commc'ns Co., 377 F.3d 1081, 1091 (9th Cir.
22 2004).  An award of fees under subsection 425.16(c)(1) may also
23 include the "fees incurred in litigating the award of attorney
24 fees," Ketchum, 24 Cal. 4th at 1141, and appellate fees and
25 costs, Metabolife Int'l, Inc. v. Wornick, 213 F. Supp. 2d 1220,
26 1222 (S.D. Cal. 2002).
27      "The fee-shifting provision was apparently intended to
28 discourage [] strategic lawsuits against public participation by

2

1  imposing the litigation costs on the party seeking to 'chill the
2  valid exercise of the constitutional rights of freedom of speech
3  and petition for the redress of grievances' and encourage
4  'private representation in SLAPP cases.'"  Ketchum, 24 Cal. 4th
5  at 1131 (2001) (quoting Cal. Civ. Proc. Code § 425.16(a)); see
6  also Northon v. Rule, --- F.3d ----, ----, 2011 WL 135720, at *2
7  (9th Cir. 2011) ("The entitlement to fees and costs enhances the
8  anti-SLAPP law's protection of the state's 'important,
9  substantive' interests.").  California courts have thus held that
10 the anti-SLAPP statute reflects a "strong preference for awarding
11 attorney fees to successful defendants" and the "term 'prevailing
12 party' must be interpreted broadly to favor an award of attorney
13 fees to a partially successful defendant."  Lin v. City of
14 Pleasanton, 176 Cal. App. 4th 408, 425-26 (1st Dist. 2009)
15 (internal citations and quotation marks omitted).
16         Although the court granted defendants' anti-SLAPP
17 motion and thus struck all of plaintiff's state law claims,
18 plaintiff nonetheless contends that defendants are not entitled
19 to fees under subsection 425.16(c)(1) as the "prevailing party."
20 Specifically, plaintiff argues that defendants should not be
21 treated as the prevailing party because the court did not grant
22 defendants' motion for judgment on the pleadings as to
23 plaintiff's federal copyright claim, which is similar to her
24 state law claims.
25         Under certain circumstances, a defendant may not be
26 considered a prevailing party even though the court granted its
27 anti-SLAPP motion because "the results of the motion were so
28 insignificant that the party did not achieve any practical

3

1  benefit from bringing the motion." Mann v. Quality Old Time
2  Serv., Inc., 139 Cal. App. 4th 328, 340 (4th Dist. 2006).  "The
3  crucial question is one of practicality; did anything of
4  substance (technical victories notwithstanding) change in the
5  posture of the case and the claims being lodged against the
6  defendant after it brought the special motion to strike than were
7  in existence beforehand." Brown v. Elec. Arts, Inc., 722 F.
8  Supp. 2d 1148, 1155 (S.D. Cal. 2010).

9           In Brown, the court determined that the defendant was
10 not entitled to fees after the court granted its unopposed anti-
11 SLAPP motion but gave the plaintiff leave to amend, and the
12 plaintiff reasserted all of his state law claims in an amended
13 complaint. Id. at 1155-57 (discussing Verizon Del., Inc., 377
14 F.3d at 1090).  The court also held that the defendant did not
15 qualify as the "prevailing party" on its second motion to strike
16 the amended complaint because the court simply declined to
17 exercise supplemental jurisdiction over the state law claims,
18 thus leaving the plaintiff free to assert the claims in state
19 court. Id. at 1157.

20          In Moran v. Endres, 135 Cal. App. 4th 952 (2d Dist.
21 2006), the state appellate court upheld the trial court's denial
22 of fees under subsection 425.16(c)(1) when the defendant moved to
23 strike all eleven causes of action in the complaint, but
24 prevailed only as to a purported cause of action for
25 "conspiracy." Id. at 954-56.  The court held that such a trivial
26 victory did not entitle defendant to fees because, although his
27 motion was granted in part, the ruling "in every practical sense
28 meant nothing." Id. at 956.

4

1          Unlike <u>Brown</u> and <u>Moran</u>, the success of defendants'
2  anti-SLAPP motion in this case was neither minor nor technical.
3  In its Order granting defendants' motion, the court addressed the
4  merits and ultimately struck all of plaintiff's state law claims.
5  While the court agrees that plaintiff's misappropriation and UCL
6  claims were similar to her federal copyright claim, it was
7  plaintiff, not defendants, who chose to assert those claims and
8  defendants were entitled to utilize the anti-SLAPP statute to
9  dispose of them.  With the elimination of the state law claims--
10 especially the fraud claim--defendants undeniably "narrowed the
11 scope of the lawsuit, limiting discovery, reducing potential
12 recoverable damages, and altering the settlement posture of the
13 case," <u>Mann</u>, 139 Cal. App. 4th at 340.  <u>See, e.g.</u>, <u>Miller v.
14 Nat'l Am. Life Ins. Co.</u>, 54 Cal. App. 3d 331, 336 (1976)
15 ("Respondent's claim of fraud . . . is in tort, and will support
16 a punitive damage award upon proper proof."); <u>U.S. for Benefit &
17 Use of Ehmcke Sheet Metal Works v. Wausau Ins. Cos.</u>, 755 F. Supp.
18 906, 910-11 (E.D. Cal. 1991) ("Presumably, it is the potential
19 for punitive damages inherent in the bad faith claim which makes
20 the claim alluring.  Such a threat could induce litigants to
21 assert unwarranted settlement demands, and ultimately to coerce
22 inflated settlements.").

23         Moreover, the fact that plaintiff's federal copyright
24 claim remains is not indicative of defendants' success on their
25 anti-SLAPP motion because that claim is not subject to the state
26 anti-SLAPP statute.  It would also be misguided to treat
27 defendants' success on their anti-SLAPP motion as less
28 significant simply because, in the same Order, the court denied

                                5

1 defendants' motion for judgment on the pleadings as to
2 plaintiff's federal copyright claim simply because the two
3 motions--which were actually filed one month apart--were heard on
4 the same date.
5      Accordingly, because defendants obtained the full
6 extent of relief available to them through the anti-SLAPP statute
7 and prevailed in eliminating plaintiff's state law claims from
8 this action, they are entitled to fees under subsection
9 425.16(c)(1).
10 II. Calculating the Award
11      "[T]he fee setting inquiry in California ordinarily
12 begins with the 'lodestar,' i.e., the number of hours reasonably
13 expended multiplied by the reasonable hourly rate." PLCM Grp. v.
14 Drexler, 22 Cal. 4th 1084, 1095 (2000); see Ketchum, 24 Cal. 4th
15 at 1131 (indicating that the lodestar is used to calculate fees
16 under the anti-SLAPP statute). "The reasonable hourly rate is
17 that prevailing in the community for similar work." PLCM Grp.,
18 22 Cal. 4th at 1095 (citing Margolin v. Reg'l Planning Comm'n,
19 134 Cal. App. 3d 999, 1004 (2d Dist. 1982)). The lodestar may
20 then by adjusted upward or downward by the court based on
21 relevant factors." Ketchum, 24 Cal. 4th at 1132. Specifically,
22 Eastern District Local Rule 293(c) provides the following list of
23 non-exhaustive factors that guide a court's award of attorney's
24 fees:

    (1)  the time and labor required of the attorney(s);
    (2)  the novelty and difficulty of the questions presented;
    (3)  the skill required to perform the legal service properly;
    (4)  the preclusion of other employment by the attorney(s) because of the acceptance of the

6

```
              action;
        (5)   the customary fee charged in matters of the type
              involved;
        (6)   whether the fee contracted between the attorney and
              the client is fixed or contingent;
        (7)   any time limitations imposed by the client or the
              circumstances;
        (8)   the amount of money, or the value of the rights
              involved, and the results obtained;
        (9)   the experience, reputation, and ability of the
              attorney(s);
        (10)  the "undesirability" of the action;
        (11)  the nature and length of the professional
              relationship between the attorney and the client;
        (12)  awards in similar actions; and
        (13)  such other matters as the Court may deem
              appropriate under the circumstances.
```

E.D. Local R. 293(c); see also Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975) (identifying the same factors as relevant). The purpose of adjusting the lodestar is to "fix a fee at the fair market value for the particular action." Ketchum, 24 Cal. 4th at 1132.

Defendants propose a lodestar figure of $125,444.40. This amount accounts for the hours principally expended by Roger Myers, a partner of the law firm Holme Roberts Owen LLP ("HRO"), Katherine Keating, a Senior Associate of HRO, Leila Knox, an associate of HRO, and Joel Rayala, a paralegal of HRO.

A.  Reasonable Hourly Rate

The first step in calculating the lodestar is determining the reasonable hourly rate, which is the rate "prevailing in the community for similar work." PLCM Group, 22 Cal. 4th at 1095. "Generally, the relevant community is the forum in which the district court sits." Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997). However, rates outside of the district in which the court sits may be used "if local counsel was unavailable, either because they are unwilling or unable to

7

perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992); accord Mendenhall v. Nat'l Transp. Safety Bd., 213 F.3d 464, 471 n.5 (9th Cir. 2000). The Ninth Circuit has upheld use of a higher rate from a city outside of where the court sits when the prevailing party has offered "substantive evidence" illustrating the unavailability of local counsel. See Gates, 987 F.2d at 1405-06.

Here, defendants seek hourly rates of $436.50 for Myers, $355.50 for Keating, $270.00 for Knox, and $207.00 for Rayala; these rates are discounted from counsel's regular rates, which are $495.00, $400.00, $320.00, and $230.00, respectively. (Myers Decl. ¶ 30.) Defendants indicate that they are seeking rates consistent with those in the San Francisco, not the Sacramento, legal community. In support of this request, Myers explains that the "publishers defense bar in Northern California is extremely small," with only one attorney in Sacramento, and the "pool of attorneys with expertise in defending copyright claims is relatively small," with only two lawyers in Sacramento that are members of the American Intellectual Property Law Association. (Id. ¶¶ 4-5.)

Although this case involves a relatively simple copyright claim, plaintiff's counsel indicated at oral argument that plaintiff does not object to the hourly rates defendants requested and agrees that the rates are reasonable. Therefore, even assuming the rates defendants seek are higher than those in the Sacramento legal community, the court will use the unopposed

8

1  rates defendants proposed.

2       B.   <u>Reasonable Number of Hours</u>

3           Defendants have submitted itemized billing for their
4  work on the anti-SLAPP motion that details the work done by each
5  employee.  Plaintiff contends that the hours defendants seek are
6  unreasonable because (1) defendants improperly attempt to recover
7  for the costs for their unsuccessful motion for judgment on the
8  pleadings and plaintiff's warning regarding a motion for
9  sanctions under Federal Rule of Civil Procedure 11; and (2) the
10 requested hours are excessive given defendants' claimed expertise
11 and the amount at stake in this action.

12          Although the court heard argument on defendants' anti-
13 SLAPP and Rule 12(c) motions at the same hearing and decided both
14 motions in the same order, defendants indicate that they limited
15 their fee request to the hours expended on the anti-SLAPP motion.
16 (<u>See</u> <u>id.</u> ¶ 29.)  A review of the docket in this case and
17 defendants' bills corroborates this representation.  First,
18 almost all of the entries on defendants' billings reference only
19 work done on the anti-SLAPP motion.  Defendants filed their anti-
20 SLAPP motion on September 20, 2010, and did not file their Rule
21 12(c) motion until October 18, 2010, and different evidence was
22 filed with each motion.

23          Duplication appears possible, however, with respect to
24 defendants' reply brief, which addressed both motions, the joint
25 hearing on the motions, and defendants' review of this court's
26 Order.  With respect to the reply brief, defendants' descriptions
27 of the work done generally differentiate between each motion and
28 defendants seek only the time spent on the anti-SLAPP motion.  To

9

the extent work was performed for both motions, such as reviewing plaintiff's opposition, defendants are seeking only half of the time billed, which appears to be a reasonable adjustment. Similarly, defendants request only half of the amount of time they expended in traveling to and appearing at the hearing on both motions.  Defendants did not, however, reduce the 3.8 hours billed to initially review the case or the 0.5 hours billed for Myers' review of the court's Order, and thus the court will award only half of this time.

On November 15, 2010, plaintiff's counsel served a threatened motion for sanctions against defendants' counsel pursuant to Rule 11.  Although the motion was never filed with the court, defendants expended and seek reimbursement for 1.8 partner hours and 4.4 associate hours in connection with the Rule 11 motion.  The court will not award defendants that time because the threatened motion addressed both the anti-SLAPP and Rule 12(c) motions and, more importantly, Rule 11 provides for monetary sanctions awarded against counsel only; thus, defending against the threatened motion was not necessary for defendants to obtain relief under the anti-SLAPP statute.  Accordingly, the court will not award the 6.2 hours attributable to work done in response to the threatened Rule 11 motion.

Defendants also seek reimbursement for 3.6 partner hours and 5.2 associate hours incurred to prepare an application for leave to reply to plaintiff's response to defendants' objections, which the court ultimately denied.  Defendants submitted this request after the court held oral argument on both motions and had taken them under submission.  Not only does the

10

1 court believe that the general practice of objecting to evidence
2 during motion practice is unproductive and unnecessary, <u>see</u>
3 <u>generally</u> <u>Burch v. Regents of the Univ. of Cal.</u>, 433 F. Supp. 2d
4 1110, 1118-19 (E.D. Cal. 2006), defendants could have addressed
5 the objections at the hearing or, at the very least, sought leave
6 to file a response at that time.  It was unreasonable to expend
7 8.8 hours addressing a potential reply in support of objections
8 after the matter was taken under submission and thus the court
9 will not award fees for that time.

10          Plaintiff also contends that the hours defendants
11 billed are excessive given the experience of defendants' counsel,
12 especially Myers.  Plaintiff has failed, however, to submit any
13 evidence supporting this contention. <u>See</u> <u>Premier Med. Mgmt.</u>
14 <u>Sys., Inc. v. Cal. Ins. Guar. Ass'n</u>, 163 Cal. App. 4th 550, 560-
15 63, (2d Dist. 2008) (recognizing that, "[s]ince appellants
16 submitted no evidence that the hours claimed by counsel were
17 excessive, they appear to be asking that we declare as a matter
18 of law that the hours were unreasonable," and declining to do
19 so); <u>Maughan v. Google Tech., Inc.</u>, 143 Cal. App. 4th 1242, 1251
20 (2d Dist. 2008) (discussing a declaration plaintiff submitted
21 when affirming trial court's significant reduction in fees as
22 excessive).

23          While courts have awarded fees that are significantly
24 less than the fees defendants seek, <u>see, e.g.</u>, <u>Sonoma Foods, Inc.</u>
25 <u>v. Sonoma Cheese Factory, LLC</u>, Civ. No. 07-00554, 2007 WL
26 2729422, at *3 (N.D. Cal. Sept. 18, 2007) (reducing award to
27 $6,167.50), courts have also awarded fees similar to the award
28 defendants seek, <u>see, e.g.</u>, <u>Church of Scientology v. Wollersheim</u>,

11

42 Cal. App. 4th 628, 658-59 (2d Dist. 1996) (affirming award of $130,506.71), overruled on other grounds by Equilon Enters. v. Consumer Cause, Inc., 29 Cal. 4th 53 (2002). Based on defendants' itemized billings and the lack of any evidence from plaintiff about the number of hours that should have been billed in this case, the court will not arbitrarily reduce the award based on defendants' expertise.

Plaintiff also argues that the award should be reduced because it greatly exceeds the actual damages at issue in this case, which plaintiff estimated in her opposition at $5,000.00. Not only is this number inconsistent with plaintiff's prior representation that her federal claim could result in $150,000.00 in damages and the allegation in her Complaint that the amount in controversy exceeded $75,000.00 (Compl. ¶ 7), it also overlooks a potential award of punitive damages on plaintiff's fraud claim, which could roughly reach ten times an award of actual damages. See BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 581 (1996). In her Complaint, plaintiff also alleges that she was promised to receive "attribution in the book for her work" and be "included in speaking engagements in connection with the book," (Compl. ¶ 16), which a jury could have determined to have significant monetary value. This amount also ignores the significant discovery costs both sides could have incurred if the state law claims proceeded to trial.

Moreover, even if incurring the cost of litigating the anti-SLAPP motion might not have been a wise financial decision because defendants could have settled the case for less, reducing the award based on the actual damages at issue would dilute the

12

1  anti-SLAPP statute's purpose of encouraging defendants to hire
2  private counsel to protect their free speech rights.  The damages
3  at issue in a case should not dictate the value of one's right to
4  free speech.
5         Lastly, without citing any cases and for the first time
6  at oral argument, plaintiff claimed that the fee award defendants
7  seek would be unconstitutional because it is disproportional to
8  the damages at issue in this case.  Even assuming the
9  Constitution imposes limits on attorney's fees akin to the limits
10 it imposes on punitive damages, plaintiff has not shown that the
11 fee award defendants seek is unconstitutionally disproportional
12 to the potential damages at issue in this case.  Although
13 plaintiff claimed at oral argument that she would have sought an
14 award under $40,000.00 at trial, this amount contradicts the
15 allegations in her Complaint and her prior representations about
16 the damages at issue in this case.  With her fraud claim and
17 allegations about attribution and speaking engagements, nothing
18 prevented plaintiff from seeking a more significant award at
19 trial, and the court has no reason to assume that plaintiff would
20 have limited her request for damages if her state law claims had
21 survived defendants' anti-SLAPP motion.
22        Accordingly, the court will award defendants costs of
23 $285.00 and fees for the following hours:

| Task | Employee | Hours | Rate | Fee |
|---|---|---|---|---|
| Review complaint and initial research | Myers | 5.45 | $436.50 | $2,378.93 |
| | Knox | 6.7 | $270.00 | $1,809.00 |
| Prepare motion to strike | Myers | 63.4 | $436.50 | $27,674.10 |
| | Knox | 58.2 | $270.00 | $15,714.00 |
| | Rayala | 13.2 | $207.00 | $2,732.40 |

13

| | | | | |
|---|---|---|---|---|
| Review opposition and prepare reply to motion to strike | Myers | 30.45 | $436.50 | $13,291.43 |
| | Knox | 49.5 | $270.00 | $13,365.00 |
| | Keating | 3.6 | $355.50 | $1,279.80 |
| | Rayala | 4.3 | $207.00 | $890.10 |
| Hearing on motion to strike | Myers | 16.2 | $436.50 | $7,071.30 |
| | Knox | 0.9 | $270.00 | $243.00 |
| Address plaintiff's appeal | Myers | 10.5 | $436.50 | $4,583.25 |
| | Knox | 0.4 | $270.00 | $108.00 |
| Prepare fee request | Myers | 31.8 | $436.50 | $13,880.70 |
| | Knox | 3.2 | $270.00 | $864.00 |
| | Rayala | 5.4 | $207.00 | $1,117.80 |
| Review opposition and prepare reply to fee request | Myers | 12.5 | $436.50 | $5,456.25 |
| | Knox | 5.8 | $270.00 | $1,566.00 |
| | Keating | 6 | $355.50 | $2,133.00 |
| | Rayala | 2.5 | $207.00 | $517.50 |
| Hearing on fee request | Myers | 5 | $436.50 | $2,182.50 |
| TOTAL | | | | $118,858.05 |

IT IS THEREFORE ORDERED that defendants' motion for attorney's fees and costs be, and the same hereby is, GRANTED in the amount of $119,143.05.

DATED: May 4, 2011

*[signature]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

14